UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM COX, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-00226-LJM-TAB |
| STATE OF INDIANA, *et al.*, | ) |
| Defendants. | ) |

**Entry Granting Motion to Proceed *In Forma Pauperis* and Dismissing Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed by plaintiffs proceeding *in forma pauperis* before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this rule,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendants the State of Indiana, the Superintendent of Plainfield Correctional Facility Stanley Knight, and the five members of the Indiana Parole Board. The plaintiff states that he violated his parole and was eventually taken to Plainfield Correctional Facility ("Plainfield") on March 13, 2015, in order to have his parole hearing. Indiana law, the plaintiff says, requires parole hearing to be held within sixty days. Although the plaintiff was schedule to have his parole hearing on May 7, 2015, the plaintiff was transported to Hamilton County for his post-conviction relief hearing on May 6, and he did not return to Plainfield until May 11.

The plaintiff's parole hearing was rescheduled and held on June 9, 2015, which was after the sixty-day deadline. The plaintiff alleges that, instead of dismissing the parole revocation charge as required by Indiana law, the parole board revoked his parole based on the violation and ordered him to serve the remainder of his sentence. Almost a year later, on May 12, 2016, the Hendricks County Superior Court granted the plaintiff's writ of habeas corpus and ordered that he be immediately released, presumably (although this is not clear from the complaint) because he should have been released by the parole board due to the untimeliness of his parole hearing.

The foregoing events, says the plaintiff, led him to be incarcerated for 371 days longer than legally appropriate. He contends that the defendants violated his constitutional rights and also brings state law claims against them, seeking money damages.

The plaintiff's claims, however, must be dismissed for the following reasons. First, as to the State of Indiana, it "is not a 'person' that can be sued [for money damages] under 42 U.S.C. § 1983." *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

Second, as to the five members of the Indiana Parole Board, they have absolute immunity from suit under the circumstances alleged. Officials have "absolutely immunity under federal law only when the official's duties are functionally comparable to those of a judicial officer." *Brunson v. Murray*, 843 F.3d 698, 712 (7th Cir. 2016) (citation and quotation marks omitted). Therefore, "[p]arole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole." *Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008) (citation and quotation marks omitted). Moreover, actions by parole board members "that are 'inexorably connected with the execution of parole revocation procedures and are analogous to judicial action' invoke absolute immunity." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996) (quoting *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994)). The members of the Indiana Parole Board are clearly being sued for their parole decision, and to the extent the plaintiff's claim is based on their failure to properly schedule his parole hearing, this function is "inexorably connected with the execution of parole revocation procedures," and thus also triggers absolute immunity. *Id.*

Third, the plaintiff's allegations regarding Superintendent Knight fail to show that he is personally responsible for the plaintiff's extended incarceration. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Superintendent Knight's

transportation of the plaintiff to Hamilton County for his post-conviction hearing on May 6—which was almost certainly pursuant to a court order—did not cause any constitutional violation. The plaintiff's claims instead revolve around his alleged unjust incarceration caused by the Indiana Parole Board, with which Superintendent Knight was not personally involved.

For each of the foregoing reasons, the plaintiff's § 1983 claims against the defendants must be dismissed. Because the federal claims alleged in the complaint must be dismissed, the plaintiff may not rely on the court's supplemental jurisdiction to entertain his state-law claims. *See* 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.*, 471 F.3d 754,757-58 (7th Cir. 2006). Accordingly, the state-law claims are subject to dismissal for lack of jurisdiction.

### III.

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through February 22, 2017**, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 1/25/2017

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM COX
3901 E. 33rd Street
Indianapolis, IN 46218